**UNITED STATES of America,**
**Appellee,**

v.

**Jose De Jesus DIAZ–TURCIOS,**
**Defendant–Appellant.**

**No. 15–1622–cr.**

United States Court of Appeals,
Second Circuit.

April 25, 2016.

Molly Corbett, Research & Writing At-
torney (James Egan, Research & Writing
Attorney, on the brief), for Lisa A. Pee-
bles, Federal Public Defender, Albany,
NY, for Appellant.

Paul D. Silver, Assistant United States
Attorney (Cyrus P. Rieck, Assistant Unit-
ed States Attorney, on the brief), for Rich-
ard S. Hartunian, United States Attorney
for the Northern District of New York,
Albany, NY, for Appellee.

PRESENT: ROBERT D. SACK,
REENA RAGGI Circuit Judges, J. PAUL
OETKEN, District Judge.*

**SUMMARY ORDER**

Defendant Jose de Jesus Diaz–Turcios
stands convicted after a guilty plea of
reentering the United States without con-
sent of the Attorney General after remov-
al, *see* 8 U.S.C. § 1326(a), (b)(2), and fail-
ing to register as a sex offender, *see* 18
U.S.C. § 2250. On appeal, he challenges
the application of a sixteen-level U.S.S.G.
§ 2L1.2(b)(1)(A) sentencing enhancement
for his second-degree rape conviction. *See*
N.Y. Penal Law § 130.30(1) (providing
that person is guilty of second-degree rape
when, being at least eighteen years old, he
or she engages in sexual intercourse with
person less than fifteen years old);
U.S.S.G. § 2L1.2(b)(1)(A) (providing for
sixteen-level enhancement if defendant
was previously deported after being con-

victed of felony that constitutes "crime of
violence"); *id.* § 2L1.2 n. 1(B)(iii) (defin-
ing crime of violence as, among other of-
fenses, "statutory rape"). Specifically, he
argues that the district court failed to em-
ploy a categorical approach to determine if
the elements of that crime "are the same
as, or narrower than, those of the generic
offense" of statutory rape. *Descamps v.
United States*, ___ U.S. ___, 133 S.Ct.
2276, 2281, 186 L.Ed.2d 438 (2013).

■ As an initial matter, we note that,
at sentencing, Diaz–Turcios did not object
to the applicability of a § 2L1.2(b)(1)(A)
enhancement or raise the argument he
here advances, *i.e.*, that N.Y. Penal Law
§ 130.30(1) is broader than the generic
definition of statutory rape because it does
not include an element requiring a four-
year age difference between the defendant
and victim.[1] In fact, Diaz–Turcios effec-
tively conceded before the district court
that his second-degree rape conviction con-
stituted statutory rape for purposes of the
§ 2L1.2(b)(1)(A) enhancement. *See* Appel-
lant App'x 27 (describing prior crime as
"statutory rape"). His concession is hard-
ly surprising given that the underlying
facts of his conviction indicate that he was
some sixteen years older than his victim.
The government does not urge us to view
this conduct as a true waiver of Diaz–
Turcios's challenge on appeal, and thus we
need not pursue that point here. *See
United States v. Spruill*, 808 F.3d 585, 596,
599 (2d Cir.2015) (explaining that court
lacks discretion to correct waived errors,
and concluding that defendant waived chal-
lenge to inquiry and removal of juror
where counsel "actively engaged in the
matter and agreed to every action taken
by the district court"). Nevertheless,

* The Honorable J. Paul Oetken, of the United
States District Court for the Southern District
of New York, sitting by designation.

1. N.Y. Penal Law § 130.30(1) requires a
three-year difference as an element and pro-
vides an affirmative defense if the age differ-
ence is less than four years.

Diaz–Turcios's failure to raise a § 2L1.2(b)(1)(A) challenge in the district court means we review only for plain error, which is not present here. *See United States v. Marcus,* 560 U.S. 258, 262, 130 S.Ct. 2159, 176 L.Ed.2d 1012 (2010) (explaining that plain error requires showing of (1) error, (2) that is clear or obvious, (3) affecting substantial rights, and (4) calling into question fairness, integrity, or public reputation of judicial proceedings); *United States v. Gamez,* 577 F.3d 394, 397 (2d Cir.2009).

Even if Diaz–Turcios could show error, his argument fails at the second step of analysis because this court has never held that N.Y. Penal Law § 130.30 is not categorically statutory rape. Nor have we held that a four-year age gap is a requisite element of the generic offense of statutory rape—an issue on which our sister circuits are split. *Compare United States v. Gomez,* 757 F.3d 885, 906 (9th Cir.2014) (concluding that four-year age difference is element of generic statutory rape), *with United States v. Gomez,* 628 Fed.Appx. 400, 407 (6th Cir.2015) (explaining that "there is no general consensus among courts about the generic elements of statutory rape," and identifying "flaws" in Ninth Circuit's definition in *Gomez), and United States v. Rodriguez,* 711 F.3d 541, 561 (5th Cir.2013) (defining generic meaning of statutory rape as sexual intercourse with a person below statutory age of consent, without age-differential requirement). Thus, no binding precedent compels the conclusion that a § 2L1.2(b)(1)(A) enhancement is inapplicable to § 130.30 convictions because that offense is broader than the generic offense of statutory rape. *See United States v. Whab,* 355 F.3d 155, 158 (2d Cir.2004)

(holding that, in absence of binding precedent, "genuine dispute among the other circuits" precludes conclusion that any error is "plain"); *see also United States v. Gamez,* 577 F.3d at 400 (explaining that we will not identify plain error where "operative legal question is unsettled" (internal quotation marks omitted)); *cf. United States v. Folkes,* 622 F.3d 152, 158 (2d Cir.2010) (identifying plain error in district court's conclusion that U.S.S.G. § 2L1.2(b) crime-of-violence enhancement applied for convictions under N.Y. Penal Law §§ 140.20 and 265.02(4) where prior Second Circuit cases rendered it "obvious that neither [conviction] could qualify as a crime of violence for purposes of sentencing under" § 2L1.2(b)). We therefore identify no plain error in the district court's conclusion that Diaz–Turcios's prior conviction warranted a sixteen-level U.S.S.G. § 2L1.2(b)(1)(A) statutory-rape enhancement because that ruling was not "contrary to law that was clearly established" either at the time of sentencing or at the time of appeal. *United States v. Irving,* 554 F.3d 64, 78 (2d Cir.2009).[2] Insofar as Diaz–Turcios characterizes the district court's error as applying the sentencing enhancement based on the facts of his prior conviction, rather than the elements of § 130.30, we see no such error on our review of the transcript.

We have considered Diaz–Turcios's remaining arguments and conclude that they are without merit. Accordingly, we AFFIRM the district court's judgment.

---

**2.** *United States v. Banos–Mejia,* 588 Fed.Appx. 522 (9th Cir.2014), on which Diaz–Turcios relies, warrants no different conclusion be- cause it is not binding precedent in this circuit.